IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| JAVIER ANDRES LOPEZ, on behalf of himself and all others similarly situated, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO: 7:15-cv-109-DAE |
| vs. | § § | |
| RWLS, LLC d/b/a RENEGADE WIRELINE SERVICES | § § § § | |
| Defendant. | § | |

**AGREED MOTION FOR CONDITIONAL CERTIFICATION
AND NOTICE TO POTENTIAL CLASS MEMBERS**

Plaintiff Javier Andres Lopez, on behalf of himself and all others similarly situated, and Defendant RWLS, LLC d/b/a Renegade Wireline Services, through their undersigned counsel, have met and conferred and jointly request that the Court: (1) grant a temporary stay of formal discovery under the local and federal rules; (2) grant conditional certification of Plaintiff's Fair Labor Standards Act ("FLSA") claims in this action as a collective action pursuant to 29 U.S.C. § 216(b), without prejudice to Defendants' right to move to decertify the class at a later time; and (3) grant permission to Plaintiff to send notice of this action in the proposed form attached hereto as Exhibit A to the putative class defined below.

I.

Plaintiff, who was previously employed as an hourly-paid operator for Defendant, seeks to represent the following class of persons (the "Potential Class Members") in an attempt to recover allegedly unpaid overtime wages under the FLSA, 29 U.S.C. § 201 *et seq.*:

Defendant's hourly paid operators employed in the State of Texas at any time

during the last three years for whom defendant did not include bonuses in calculating the regular or overtime rate of pay.

Though the Defendant does not concede that Plaintiff is similarly situated to the individuals he seeks to represent, the parties have agreed to court-supervised issuance of a proposed Notice (attached hereto as Exhibit "A") to all persons who meet the above definition of the Class. The parties agree that nothing in this joint motion shall prejudice Defendant's right to later argue that Plaintiff and any opt-ins are not similarly situated within the meaning of 29 U.S.C. § 216(b), and that the conditionally certified class should be decertified, which Defendant reserves the right to do. The parties further agree that Defendant's decision to stipulate to conditional certification should be given no weight as part of this Court's later deliberations, if at all, on Defendant's motion to decertify the class.

For Potential Class Members, within ten (10) business days of the Court's order, Defendant agrees to provide Plaintiff's counsel the full name, last known address, last known email addresses (if any, and provided however, that Defendant will not be required to search personnel files or other sources for email addresses to the extent that such email addresses are not readily kept in electronic form in the normal course of business), and dates of employment; all of which may be produced subject to an agreed protective order maintaining the confidentiality of this information. Promptly upon receipt of this information, Plaintiff will send, at their expense, by first class mail and email, a copy of the Notice and the Consent to Join (attached as Exhibit "B"). The parties agree that a) any member of the putative class shall have sixty (60) calendar days from the date of mailing of the Notice and Consent to Join forms to return a copy of the Consent to Joint form to Plaintiff's counsel for filing; and b) within thirty (30) calendar days from the date of mailing of the Notice and Consent to Joint forms, Plaintiff's counsel shall cause to be mailed, at their expense, a reminder notice to the class who have not yet opted in, the agreed-upon forms attached as

Exhibits A and B.  Defendant shall, within three (3) business days of notification by Plaintiff, provide the first four digits of the Social Security Numbers for those potential class members whose Notices are returned as undeliverable.  Plaintiff's counsel may perform address searches using public and proprietary electronic resources which collect data from various sources such as utility records, property tax records, motor vehicle registration records (where allowed) and credit bureaus for addresses of those potential class members whose Notices are returned as undeliverable.

## II.

The parties shall select a mutually agreeable mediator and participate in mediation, commencing on a mutually agreeable date as soon as reasonably possible after the close of the opt-in period and within sixty (60) calendar days after the close of the opt-In period.  Within ten (10) business days of the conclusion of the mediation, the parties shall file a joint status report apprising the Court of the status of the mediation and if a settlement has been reached, a proposed schedule for the presentation of the settlement to the Court for its approval.  If a settlement in principle has not been reached, the parties will submit a proposed case management report for discovery and class certification/decertification briefing.  In the interest of conserving resources, the parties agree that until the mediation is concluded and the Court has entered a scheduling order, all discovery shall be stayed except that Defendant, within ten (10) calendar days of the mediation date, will produce Defendant's records of hours worked and compensation (including all bonuses), for each Potential Class Member that files an opt-in notice.

## III.

The FLSA's collective action device allows one or more employees to bring an action for overtime compensation on "behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  *See Mooney v. Aramco Services Co.,* 54 F.3d 1207, 1213-14 (5th

Cir. 1995). The Supreme Court has expressly held that courts may implement the collective action procedure by facilitating the issuance of notice to potential class members. *Hoffmann-LaRoche Inc. v. Sperling*, 493 U.S. 165 (1989). Court-authorized notice protects against misleading communications by the parties, resolves the parties' disputes regarding the content of any notice, prevents the proliferation of multiple individual lawsuits, assures that joinder of additional parties is accomplished properly and efficiently, and expedites resolution of the dispute. *Id*. at 170-72.

## IV.

Plaintiff acknowledges and agrees that Defendant expressly reserves and does not waive its right to contest that each or any of those who may opt in are properly part of this collective action, or are entitled to receive any unpaid overtime wages, or other damages.

## V.

This motion is intended to avoid the necessity of conducting further discovery, arguments, briefing, and hearings related to conditional class certification and/or the issuance of notice by the Court. The parties move the Court to conditionally certify a class of persons as defined above and to authorize the dissemination of notice as described in this motion.

**THE YOUNG LAW FIRM, PC**

By: /s/ Jeremi K. Young
**Jeremi K. Young**
State Bar No. 24013793
Rachael Rustmann
State Bar No. 24073653
1001 S. Harrison, Suite 200
Amarillo, Texas  79101
(806) 331-1800
(806) 398-9095 (fax)
jyoung@youngfirm.com

*Attorneys for Plaintiff*

**COTTON, BLEDSOE, TIGHE & DAWSON**
By: /s/ William Berry
William Berry
State Bar No. 24006841
Ashley Bailey
State Bar No. 24077891
P. O. Box 2776
Midland, TX  79702
(432) 684-5782
(432) 682-3672 (fax)
bberry@cbtd.com
abailey@cbtd.com


*Attorneys for Defendant*